Argued and submitted April 27, affirmed as modified October 28, 1987

ESPEDAL et al,
*Respondents,*

*v.*

STONE et al,
*Appellants.*

(83-1622C; CA A39297)

744 P2d 585

Jeffrey L. Kleinman, Portland, argued the cause and filed the briefs for appellants.

Jack L. Kennedy, Portland, argued the cause for respondents. With him on the brief was Kennedy, King & Zimmer, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiffs brought this action for damages for interference with easements and for declaratory and injunctive relief. Defendants appeal from the parts of the judgment declaring their property subject to prescriptive easements, enjoining them from interfering with those easements and awarding plaintiffs $2,000 for defendants' interference with the easements.

Defendants argue that the evidence necessary to establish an easement by prescription must be clear and convincing and that plaintiffs' evidence was not. If plaintiffs' burden was to establish the easements by clear and convincing evidence, they have met that burden.

Defendants also argue that the court incorrectly worded the injunction to prohibit them, in effect, from making any use whatever of the property subject to the easements, thus in effect giving plaintiffs fee title to the property. The injunction enjoins defendants from "interfering, obstructing or blocking, *in any way,* the easements * * *." (Emphasis supplied.) Defendants cite *Miller v. Georgia-Pacific,* 48 Or App 1007, 1016, 618 P2d 992, *rev den* 290 Or 271 (1980): "The right of the easement owner and the right of the land owner are limited, each by the other, so that there may be reasonable use by both." Defendants propose that the injunction be limited to enjoining them from unreasonably interfering with plaintiffs' rights of ingress and egress. We agree and on *de novo* review modify the judgment to provide that defendants are enjoined from obstructing, blocking or otherwise unreasonably interfering with plaintiffs' rights of ingress and egress.

Judgment modified to enjoin defendants only from unreasonably interfering with plaintiffs' rights of ingress and egress; affirmed as modified.[1]

---

[1] Defendants also contend that damages for emotional distress are not recoverable for interference with an easement. Although the trial court's opinion allocates the $2,000 as damages for emotional distress, the judgment states that the award is for defendants' interference with the easement. Defendants' other assignments of error require no discussion.